Hagenbuck *et al. v.* McClaskey.

---

No. 9269.

## HAGENBUCK ET AL. *v.* McCLASKEY.

REAL ESTATE, ACTION TO RECOVER.—*Title.—Possession.—Evidence.—Heir.— Presumption of Conveyance by Ancestor.*—In an action to recover the possession of real estate, the defendant in possession, unable to show title in himself, may protect his possession and defeat the action by proving facts and circumstances from which it may be fairly inferred that the ancestor, under whom the plaintiff claims as heir, had in his lifetime parted with the title to the land, so that the plaintiff inherited nothing therein.

DEMURRER TO EVIDENCE.—Where the plaintiff demurs to the evidence of the defendant, his own evidence can not be considered, and if, upon the evidence of the defendant alone, with every reasonable inference which might be drawn therefrom, a jury might rightfully find for the defendant, the demurrer should be overruled.

From the Starke Circuit Court.

*W. E. Pinney, M. H. Weir* and *W. B. Biddle,* for appellants.

*T. J. Merrifield,* for appellee.

BICKNELL, C. C.—This was an action to recover the possession of eighty acres of land and to quiet the title thereto.

VOL. 81.—37

The appellants were the plaintiffs; they claimed the land as the heirs of William Hagenbuck, who, as they alleged, died seized thereof in the year 1866.

The complaint and answer were in the common form.

The suit was commenced in the county of Porter, and the verdict there was for the defendant. The plaintiffs took a new trial under the statute, and the venue was changed to Starke county. The plaintiffs' title was a patent from the United States to Noah Newell, dated August 20th, 1838, a deed from Noah Newell to Daniel Meeker, dated April 20th,. 1838, and a deed from Daniel Meeker and wife to William. Hagenbuck, dated May 22d, 1838. These deeds were duly acknowledged. The only evidence of the plaintiffs, except said patent and deeds, was the deposition of Joseph Hagen-buck, one of the plaintiffs, a son of said William Hagenbuck,. of Laporte county, who testified to the heirship of himself and his co-plaintiffs, and that he had lived in Laporte county thirty-five years, and had never heard his father make any claim to the land, and that he and his co-plaintiffs never paid any taxes on the land, that he knew of, and that he never knew he had any title to the land, until Weir and Biddle told him so, about a year before, and that the nature of the plaintiffs' title was, that, if the land was theirs, they wanted it; that he could not say whether his father had conveyed away the land or not, but that he believed, from what he had heard,. that plaintiffs had a good title.

The defendant then introduced his evidence, and the plaintiff demurred thereto, as follows:

" And this being all the evidence given in this cause, the plaintiffs say that it is not sufficient for the defendant to maintain his defence, and the plaintiffs therefore demur to the defendant's evidence, and the plaintiffs pray that the defendant may be required to join in this demurrer, and the plaintiffs admit the said written evidence and all of the facts stated by the witnesses hereinbefore set out, and every inference and

conclusion the jury may rightfully and reasonably draw therefrom."

The defendant joined in said demurrer as follows:

" The defendant joins in this demurrer to the evidence of the defendant, and says that his evidence is sufficient in law to entitle him to maintain his defence to this action, and therefore he prays judgment."

The court overruled the demurrer to the evidence, and found for the defendant, and rendered judgment in defendant's favor. The plaintiffs appealed. They assign as error, over-ruling the demurrer to the defendant's evidence.

In *Schauber* v. *Jackson*, 2 Wendell, 13, it was held by the Court of Errors, of New York, that a defendant in ejectment, a naked possessor without claim of right, is entitled to have facts and circumstances submitted to a jury, from which a presumption may arise of a conveyance of the estate by the lessors of the plaintiff; so that if, in the judgment of the jury, such facts and circumstances are sufficient to warrant the inference of a conveyance, they may say so, and by thus showing the title out of the lessors of the plaintiff, a defendant may protect his possession, although he may be unable to trace such title to himself. Therefore, if, from the defendant's evidence in this case, a jury might rightfully and reasonably infer that William Hagenbuck, the ancestor of the plaintiffs, in his lifetime, after the conveyance of the land in controversy to him in 1838, parted with the title thereto, that would rebut the *prima facie* title of the plaintiffs, even if that evidence could be considered on such a demurrer; but this court has decided that in such a case the plaintiff's evidence can not be considered at all. *Fritz* v. *Clark*, 80 Ind. 591. Such evidence would protect the possession of the defendant by proving the title out of the plaintiffs, and a demurrer to it ought to be overruled. The evidence of the defendant, demurred to in this case, fully warrants the inference that said Hagenbuck, in his lifetime, did part with the title to the land in controversy. It appears that the land adjoins a public high-

way leading from Valparaiso to Hebron, and is about three miles from Valparaiso; that the appellee bought the land in 1855, from William Hanna, who gave him a warranty deed therefor; that he entered on the land in 1856, and that year cut timber, built a house and cleared and fenced twelve acres, and in the course of five years had the whole tract fenced, forty acres cleared and a new frame house built; also barn and cattle sheds.

The complaint was filed on the 12th day of October, 1875. If that date be taken as the commencement of the suit, the appellee had been in actual possession, claiming title and paying taxes, for about nineteen years. The evidence also shows that from 1838 to 1866, when he died, the said William Hagenbuck was living at Laporte, about twenty miles from the land, and tends to show that, for the last ten years of his life, he was in straitened circumstances, yet never claimed ownership of this land, or any part of it.

The evidence further shows that, in the year 1840, one Ridgeway held a note for $770.73, made by Gray, Bill & Co., payable to said William Hagenbuck, and by him endorsed to Ridgeway, and, that in that year, Ridgeway brought suit in the Laporte Circuit Court against said Gray, Bill & Co., and had an attachment issued therein, which was levied on the land in controversy, as the property of said Gray, and that, after the usual proceedings, said land was sold by the sheriff, as the property of said Gray, to the plaintiff, Ridgeway, who obtained a sheriff's deed therefor, dated September 13th, 1841.

It further appears, that Ridgeway and wife conveyed the land to the Cincinnati, Peru and Chicago Railroad Company by deed, dated November 21st, 1853, and that said company conveyed the same to William Hanna by deed, dated May 14th, 1855, and that William Hanna conveyed the same to the appellee by deed, dated November 2d, 1855, for the sum of $500.

The evidence also tends to show that when Gray, Bill &

Co. quit business, they sold out their stock of goods to Hagenbuck, but the witness, who testified as to such sale, stated that he did not know whether or not Hagenbuck paid for those goods in whole or in part by land; yet if the land was his, and was attached and sold as the property of Gray, in a suit upon a note of Gray's, on which he, Hagenbuck, was liable as endorser, his inaction is inexplicable. The evidence further shows that Hagenbuck was a petitioner in bankruptcy, in May 1842, and that his petition in bankruptcy, duly sworn to by him, on May 11th, 1842, contains the following statement: "The schedule, hereunto annexed and marked 'inventory of property,' and signed by your petitioner, contains a correct inventory of your petitioner's property, rights and credits of every name, kind and description, and the location and situation of each and every part and portion thereof, to the best of your petitioner's knowledge and belief." The inventory of property contains a minute statement and enumeration of articles of personal property, notes, judgments and accounts, and a house built on land of the petitioner's wife, but contains no statement whatever as to the land in controversy. The land was conveyed to Hagenbuck in 1838; it was sold under the attachment, as the property of Gray, in 1841, under the circumstances hereinbefore set forth; the petition in bankruptcy was equivalent to a statement under oath by the petitioner, that in 1842 he no longer owned the property—if he did then own it, he perjured himself. It can not be presumed that he committed perjury, merely because he had owned the property in 1838. The demurrer to the defendant's evidence admits every inference and conclusion that may be rightfully and reasonably drawn therefrom. That evidence fully warrants the inference, that Hagenbuck had parted with the title to the land in controversy, and that the plaintiffs inherited nothing in said land. There was no error, therefore, in overruling the demurrer to the evidence, and no error in rendering judgment for the defendant.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.