No. 10,984.

McLEAN, ADMINISTRATOR, *v.* THE EQUITABLE LIFE AS-SURANCE SOCIETY OF THE UNITED STATES.

LIFE INSURANCE.—*Procuring Settlement of Claim by Fraudulent Representations.—Agent.—Executor.*—Where a life insurance company, by its authorized agent, falsely and fraudulently represents to the assured's executor, whose mental faculties are at the time impaired by age, financial disasters and domestic affliction, that sufficient evidence has been discovered to avoid the policy, and that such company will contest and defeat its collection, and thereby procures a settlement of the claim and the surrender of the policy, by paying an amount grossly unjust to the estate of the assured, such settlement may be set aside and the balance due on the policy recovered.

SAME.—*Payment before Due.—Consideration.*—The fact that the insurance

McLean, Administrator, *v.* Equitable Life Assurance Society of the U. S.

company paid such money to the executor a few days before he could have legally demanded and enforced its payment, is immaterial, where it does not appear that such payment constituted any part of the consideration for the settlement.

SAME.—*Pleading.— Complaint.—Exhibit.*—A paragraph of complaint, founded on a policy of insurance, which fails to make the policy or a copy thereof a part of the pleading, or to show a sufficient excuse for not doing so, is bad.

SAME.—*Demurrer to Evidence.—Application of Evidence.—Harmless Error.*— But where there is a demurrer to evidence which fully sustains another paragraph, which is sufficient, it is the duty of the court to apply the evidence to such paragraph and render judgment thereon; and, in such case, overruling a demurrer to the bad paragraph is a harmless error.

DEMURRER TO EVIDENCE.—*Effect of.*—A demurrer to evidence concedes the truth of all the facts which the evidence demurred to tends to prove, and all such inferences as can reasonably be drawn therefrom, and if there is evidence favorable to the party demurring, the court can not consider it when it is in conflict with that against him.

SAME.— *Waiver.*—Such demurrer waives objection to the admissibility of the evidence to which it is directed, and excludes from consideration that offered by the party demurring.

SAME.—*Objections to Pleadings.*—Such demurrer can not be sustained because of any defect in the pleadings, but it does not waive objections thereto.

SAME.—If, from the evidence, a jury might infer that the plaintiff's action should be sustained, the defendant's demurrer should be overruled and the plaintiff have judgment.

PRACTICE.—*Motion to Strike Out.*—Overruling a motion to strike out parts of a pleading, even if erroneous, is not an available error.

From the Vigo Circuit Court.

*W. E. McLean, C. F. McNutt, J. G. McNutt, N. G. Buff* and *J. T. Pierce,* for appellant.

*J. M. Allen, W. Mack, H. C. Nevitt, S. C. Davis* and *S. B. Davis,* for appellee.

COLERICK, C.—This action was originally brought by Lucius Ryce, as executor of the last will of his son William S. Ryce, deceased, to recover an alleged balance due upon an insurance policy issued by the appellee upon the life of said William S. Ryce, for the sum of $10,000, payable on the 25th day of July, 1888, to the assured, if he should then

be living, and in the event of his death before that time, then to his executors, administrators or assigns, in sixty days after due notice and proof of his death. During the pendency of the action said executor died, and the appellant, as the administrator *de bonis non* of the estate of the assured, was substituted as the plaintiff therein.

The complaint consisted of three paragraphs, to which separate demurrers were overruled. A motion was made to strike out parts of the complaint, which was also overruled, and thereupon the appellee answered the complaint, to which answer a reply was filed. The issues so formed were submitted to a jury for trial, and after the appellant had introduced his evidence in support of the complaint, the appellee demurred to the evidence, and the demurrer was sustained by the court, to which ruling the appellant duly excepted, and thereupon final judgment was rendered in favor of the appellee, from which the appellant appeals, and assigns as error, for its reversal, the ruling of the court in sustaining said demurrer.

The appellee has filed an assignment of cross errors, in which it assigns as errors the rulings of the court upon the demurrers to the several paragraphs of the complaint, and on the motion to strike out parts of the complaint. It is unnecessary to refer more specifically to the pleadings in the action, except the complaint.

The first and second paragraphs, in their material averments, were, in substance, alike. They both averred the issuing by the appellee of the policy of insurance above referred to, and its acceptance by the assured, who, until his death, observed and performed all of the conditions of the policy on his part, and the appointment and qualification of the plaintiff as such executor, and the furnishing by him of the proof, required by the policy, of the death of the assured, and alleged that the appellee, by certain false and fraudulent representations made by its authorized agent,

which were fully recited therein, induced the plaintiff to settle the claim existing in favor of the estate of the assured upon said policy, by accepting and receiving in full payment thereof $7,000 less than the amount actually and legally due thereon, and prayed judgment against the appellee for the difference between the sum so paid and the amount that was due on the policy.

The third paragraph was founded on the policy of insurance, but, unlike the other paragraphs, failed to aver any excuse for not making the policy, or a copy thereof, a part of the pleading.

The vital question presented for our consideration is, Did the court err in sustaining the demurrer to the evidence? Before presenting a synopsis of the evidence, it is proper, if not essential, for us to advert to certain rules that have been established for the guidance of courts in the consideration by them of the evidence in a cause, where, as in this case, a demurrer to the evidence has been interposed. The effect of the demurrer is to concede the truth of all the facts of which there is any evidence against the demurring party, and, if there is a conflict in the evidence, prevents him from insisting upon the benefit of any evidence in his favor as to the disputed facts.    *Willcuts* v. *Northwestern Mutual Life Ins. Co.,* 81 Ind. 300.    The demurrer admits all facts which the evidence tends to prove, and all such inferences as can be reasonably drawn therefrom.    *Willcuts* v. *Northwestern Mutual Life Ins. Co., supra; Radcliff* v. *Radford,* 96 Ind. 482.    It excludes from consideration the evidence of the party demurring—*Ruddell* v. *Tyner,* 87 Ind 529—which is to be treated as withdrawn—*Adams* v. *Slate,* 87 Ind. 573—as the evidence of his adversary alone is involved in the issue raised by the demurrer.    *Fritz* v. *Clark,* 80 Ind. 591.

If, upon such evidence, with every reasonable inference which may be drawn therefrom, a jury might rightfully find against the party demurring, the demurrer should be overruled—*Hagenbuck* v. *McClaskey,* 81 Ind. 577, *Nordyke &*

*Marmon Co.* v. *Van Sant*, 99 Ind. 188—as the party by demurring admits all facts of which there is any evidence— *Trimble* v. *Pollock*, 77 Ind. 576—and consents that whatever reasonable inferences can be shall be drawn from the evidence against him—*Ruff* v. *Ruff*, 85 Ind. 431—and the court is bound to take as true all the facts which the evidence tends to prove, and such inferences from them as the jury could have fairly drawn, though the jury might not have drawn them. *Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261. But the court is not required in considering the demurrer to weigh or reconcile conflicting evidence, nor consider that which favors the party demurring when it is in conflict with other evidence against him. *Indianapolis, etc., R. R. Co.* v. *McLin*, 82 Ind. 435. The demurrer waives objections to the admissibility of the evidence—*Miller* v. *Porter*, 71 Ind. 521—and no advantage can be taken of any defect in the pleadings as a reason for sustaining the demurrer. *Lindley* v. *Kelley*, 42 Ind. 294. As sustaining a demurrer to evidence works a final disposition of the case, the court does not err in overruling such a demurrer whenever there is testimony which, although weak and inconclusive, fairly tends to prove every material fact, and is sufficient to justify a court in overruling a motion to set aside a verdict based thereon. *Kansas Pacific R. W. Co.* v. *Couse*, 17 Kan. 571. And if from the evidence a jury might infer that the plaintiff's action should be sustained, the demurrer should be overruled, and the plaintiff should have judgment. *Wright* v. *Julian*, 97 Ind. 109.

Keeping in view and applying to this case, so far as they are applicable, the rules to which we have referred, we will briefly present the facts in the case.

It appears by the evidence that the assured was, for many years before and at the time of his death, a dry goods merchant in the city of Terre Haute, Indiana. He died at Grand Haven, Mich., on the 18th day of August, 1877, of chronic inflammation of the stomach, with which he had been afflicted

for two or three years immediately preceding his death. The policy of insurance referred to in the complaint was issued to him by the appellee on the 2d day of August, 1865, upon which he paid to the appellee each year thereafter until his death, covering a period of twelve years, the annual premiums thereon, as they became due and payable, amounting in all to $4,680.80. No evidence was introduced even tending to prove that any misrepresentations were made by him in his application, or otherwise, to secure the issuing of the policy, or that he in any manner after its issue violated any of its conditions. He was about forty-three years old at the time of his death. By the provisions of his will he appointed his father, Lucius Ryce, now deceased, the executor thereof, and he, after first qualifying as such executor, furnished appellee with the proof required by the policy, as to the time, place and cause of the death of the assured. About the 19th day of October, 1877, the appellee sent an agent to Terre Haute, Indiana, where the executor resided, to adjust the claim, and, for that purpose, the agent called several times upon the executor, and had interviews with him in relation to its adjustment. The only evidence as to what transpired between them at these interviews was rendered by the executor, who stated that the agent informed him that the policy was not "worth a cent;" that he had been to Grand Haven, Mich., where the assured died, and discovered "something" that "was fatal to the policy," and had secured sufficient evidence "to defeat the policy," and that the company would not pay the claim, but would contest the same. After the agent had impressed the executor with the belief that the company would not pay the claim, and that the company could, and would, defeat its collection, he stated to the executor that he thought it would be right for the company to pay the sum that the assured had paid to the company, with interest thereon; and after computing the amount thereof, he offered to pay the same in full payment of the claim, which offer the executor accepted, and surrendered the policy. He also testified that at the time these

interviews occurred and the settlement was made, he was " in great distress of mind," and " was hardly fit to do business," and " did not know what he ought to do," and that debts were troubling him which he wanted to pay but could not, and that he " had sacrificed everything he had of his own to pay the debts," and that he had been induced to accept the offer of settlement by reason of the representations that were made by the agent.

The facts to which the executor testified, above set forth, were not disputed, nor was his evidence in conflict with, or impaired by, any other evidence rendered in the cause, but, on the contrary, was strongly supported and corroborated in many of its essential features by other evidence. A number of prominent business men of the city of Terre Haute, Indiana, who were personally and intimately acquainted with him, and had been for many years, testified that from the time of the death of his son, and for months afterwards, embracing the time when the settlement occurred, he appeared to be in great mental distress, caused by the death of his son and his own financial embarrassments as the surety of his son. His liabilities as such surety amounted to about $80,000, and to pay them he sacrificed all of his property. He was about seventy-three years old at the time of the settlement, and was then very feeble in body and mind. It was admitted on the trial that at the time of the settlement the policy and its accumulations, by way of dividends, amounted in all to $12,078. The amount that was paid by the appellee under said settlement was $7,136.08, which was $4,941.92 less than the amount that was due on the policy. The representations so made by the agent of the appellee were false, and we think fraudulently made by him to induce the settlement.

The question presented to us by these facts is whether the law will permit the appellee, under a settlement procured by such means, to withhold the payment of the balance that was confessedly due to the plaintiff, as such executor, on the policy, and thereby enable the appellee to secure and enjoy

the fruits of the fraud that was committed by its agent in inducing, by false and fraudulent representations, an aged man whose mental faculties were impaired and shattered by age and financial disasters, and whose heart was sorely afflicted by domestic calamities, rendering him helpless to resist the influence of the cunning arts that were practiced upon him by the wily and unscrupulous agent, to enter into a contract that was, in its terms, grossly unjust to the estate which he represented. We think not. The law is strong, and protects the weak and helpless against such machinations, and, being just, defeats their consummation. See *Mc-Cormick* v. *Malin,* 5 Blackf. 509; *Marshall* v. *Billingsly,* 7 Ind. 250; *Wray* v. *Wray,* 32 Ind. 126. The evidence sustained the averments in the first and second paragraphs of the complaint, and the court should have rendered judgment thereon in favor of the appellant. The fact that the money received by the executor was paid to him by the appellee a few days before the time that he could have legally demanded and by suit enforced its payment, is of no consequence, as it does not appear by the evidence that its payment before maturity was the consideration, in whole or in part, for the settlement of the claim. It is unnecessary to consider or determine the question presented by the appellee as to the power of the executor, under the provisions of the will, to adjust and settle the claim without first applying to the court for an order authorizing and empowering him to do so, as the fraud that was practiced by the appellee, through its agent, vitiated and destroyed the legality of the settlement that was made.

The appellee insists that the court erred in overruling the demurrers to the several paragraphs of the complaint. We think that the first and second paragraphs were sufficient. The third was insufficient, because it was founded on the policy of insurance, and failed to make the policy or a copy thereof a part of the pleading, or, by proper averments, show a sufficient excuse for not doing so. The appellant seeks to

avoid the effect of the erroneous ruling of the court in over-ruling the demurrer to this paragraph of the complaint, by asserting that the objection thereto, if well taken, was waived or abandoned by the appellee in demurring to the evidence, and that he is precluded thereby from now assailing in this court, on appeal, the sufficiency of the complaint. This question has been considered and determined by the Supreme Court of the United States, in *United States Bank* v. *Smith*, 11 Wheat. 171 (24 U. S. 171), where it was correctly, we think, said: "It is alleged, however, on the part of the plaintiffs, that this court can not look beyond the demurrer to the evidence, and inquire into defects in the declaration. This position cannot be sustained. The doctrine of the King's Bench, in England, in the case of *Cort* v. *Birkbeck*, 1 Doug. 208, that, upon a demurrer to evidence, the party can not take advantage of any objections to the pleadings, does not apply. By a demurrer to the evidence, the court in which the cause is tried is substituted in place of the jury. And the only question is, whether the evidence be sufficient to maintain the issue. And the judgment of the court upon such evidence, will stand in the place of the verdict of the jury. And after that, the defendant may take advantage of defects in the declaration, by motion in arrest of judgment, or by writ of error. But the present case being brought here on writ of error, the whole record is under the consideration of the court; and the defendant, having the judgment of the court below in his favor, may avail himself of all defects in the declaration, that are not deemed to be cured by the verdict." This decision is in harmony with the views recently expressed by this court in *Bish* v. *Van Cannon*, 94 Ind. 263, where it was said: "But upon appeal we see no good reason why the demurrer to the evidence should waive the demurrer to the complaint; by the demurrer to the complaint being overruled, the defendant was compelled to take issue upon the complaint as it was, and submit to a trial. A demurrer to evidence is only one of the modes of trial, and

only tests the sufficiency of the evidence." It is true that the question was not decided by this court in the case last cited, but we now hold that a party who demurs to the evidence is not thereby precluded from afterwards presenting to this court, on appeal, questions arising upon the pleadings which he may have properly reserved in the court below, or from assailing by motion in arrest of judgment, or assignment of error in this court, the sufficiency of the complaint, the same as if no such demurrer had been filed, as objections to the pleadings in an action are not to be deemed as waived by demurring to the evidence.

Although the court below erred in overruling the demurrer to the third paragraph of the complaint, it was a harmless error, as the evidence in the cause fully and clearly sustained the first and second paragraphs of the complaint, which were sufficient, and under which the evidence was evidently introduced. It was the duty of the court below to have applied the evidence to those paragraphs, and rendered judgment thereon alone in favor of the appellant. See *Stolle* v. *Ætna Fire and Marine Ins. Co.*, 10 West Va. 546, which was an action, like this, on a policy of insurance. The complaint consisted of two paragraphs, to which demurrers were overruled, and thereupon issues were formed thereon and tried by the court. A demurrer to the plaintiff's evidence was filed and overruled, and judgment rendered in favor of the plaintiff. On appeal to the Supreme Court the judgment was affirmed, although it was held that the court below erred in overruling the demurrer to the first paragraph of the complaint. The court said : " The evidence then sustaining the plaintiff's case as set forth in the second, or general count, the court properly entered up the judgment for the plaintiff, and it should not be set aside because the first count was defective, and the demurrer to it ought to have been sustained. For though the court erred in overruling this demurrer to the first count, and would also have erred in rejecting the special plea " (answer) "had it been in proper form. Yet as these errors of the court

have resulted in no injury to the defendant, there being a demurrer to the evidence, the court sees the whole case, and being of opinion that the evidence received by the court, was all properly received upon the issue joined on the second count, and that this second count was supported by the evidence, find no error injurious to the defendant."

If the court below in this case had so performed its duty, it would have appeared affirmatively by the record that no judgment was rendered in favor of the plaintiff on the third paragraph of his complaint, and in the face of such a record the appellee would have been precluded from assailing in this court the correctness of the ruling of the court below in overruling the demurrer thereto, as the ruling, if erroneous, would have been regarded and treated, under the well settled practice of this court, as a harmless error, of which the appellee could not complain.  See *Johnson* v. *Ramsay*, 91 Ind. 189; Buskirk Pr. 284; 1 Works Pr., section 538; *McComas* v. *Haas*, 93 Ind. 276; *State* v. *Julian*, 93 Ind. 292, and the cases there cited; *Bartlett* v. *Pittsburgh, etc., R. W. Co.*, 94 Ind. 281; *Louisville, etc., R. W. Co.* v. *Davis*, 94 Ind. 601.

The court below having failed to so apply the evidence, it became necessary for us to examine and consider it with reference to those paragraphs of the complaint, which we have done, and find that it is amply sufficient to sustain them, and, therefore, we think that the court erred in sustaining the demurrer to the evidence, and for the error so committed the judgment ought to be reversed.

It is insisted by the appellee that the court erred in overruling the motion to strike out parts of the complaint.  If any error was committed by the court in its ruling, it is not an available one.  As stated by this court in *Rowe* v. *Major*, 92 Ind. 206, " It will suffice to say that, under repeated decisions of this court, even if the ruling were erroneous, it would not constitute an available error for the reversal of the judgment.  The motion to strike out is based upon the theory that the objectionable matter in the pleading

is mere surplusage; and where the motion is overruled, the effect of the ruling is, at most, to leave surplusage in the record, which will not vitiate the pleading, if it is otherwise good." See, to same effect, *Losey* v. *Bond*, 94 Ind. 67. Nor was the ruling properly reserved for our review, as it was not embodied, as it should have been, in a bill of exceptions.

The following recital appears in the record at the conclusion of the evidence: "It is at this point agreed by and between the parties that at the time when the receipt was made, the policy and its accumulations amounted to $12,078." The receipt was executed on the 19th day of October, 1877, and the sum paid by the appellee on the policy was $7,136.08, being $4,941.92 less than the sum that was due thereon.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellee, and the cause is remanded, with instructions to the court to overrule the demurrer to the evidence, and render judgment in favor of the appellant on the first and second paragraphs of the complaint for $4,941.92, with six per cent. interest thereon from the 19th day of October, 1877, with costs.

Filed Dec. 11, 1884. Petition for a rehearing overruled April 23, 1885.