BAGDAD LAND & LUMBER COMPANY, A CORPORATION, *Plaintiff in Error*, v. ELLA POSTON AND HER HUSBAND, JOHN POSTON, *Defendants in Error*.

Opinion Filed March 24, 1915.

1. Where the defendant in ejectment shows no acts of possession of the general character of those stated in the statute as requisite for title by adverse possession, and no paper or other title is shown as against the plaintiff, it is not error to instruct the jury that the defendant has not shown any title to the land.

2. Where it is conceded that if one is the legitimate daughter of a person she is his only child and heir, it is not error to

charge the jury that if she is such daughter, she would suc-
ceed to her father's lands.

3. A charge as to a presumption of marriage in a civil action
from a showing of "living together, holding each other out
as man and wife," is not erroneous where the evidence im-
plies a reputation of marriage, and the right to overcome the
presumption by evidence, is expressly recognized in the
charge.

4. A charge in a civil action that if the jury find that W. and
L. were living together and holding themselves out as man
and wife, and also find that E. was born to them while they
were living together and holding themselves out as man and
wife, then that would be sufficient proof that E. was the
legitimate daughter, although no certificate or other evidence
of a marriage is produced, is not error, where the jury are
instructed that such presumptive proof may be rebutted by
evidence.

5. Where there is no substantial evidence upon which to base
a presumption that a conveyance of land was made, a charge
on that subject is properly refused.

6. Where there is evidence to sustain the verdict, and nothing
to indicate that the jury were not governed by the evidence,
a verdict that is not clearly wrong will not be disturbed by
the appellate court.

Writ of Error to Circuit Court for Santa Rosa County;
J. Emmett Wolfe, Judge.

Judgment affirmed.

*Blount & Blount & Carter,* for Plaintiff in Error;

*McGeachy & Lewis,* for Defendants in Error.

WHITFIELD, J.—Ella Poston joined by her husband brought an action of ejectment against the Bagdad Land & Lumber Company to recover the south half of Section 26, Tp. 4 N. R. 26 West, containing 320 acres, more or less, in Santa Rosa County, Florida. Verdict and judgment for the plaintiffs were rendered, and the defendant took writ of error.

It appears that a patent covering the land was issued by the United States in 1861 to William Young; that a man by that name lived in Santa Rosa county before and at the time the patent was issued; that William Young enlisted in the Confederate war and left the county as a soldier, perhaps in 1862; that after the war he lived for perhaps two or more years in Alabama, when he died there. There is evidence that the plaintiff Ella Poston is the only child of William Young and Litha Ann Grumbles; that the two lived together as man and wife in Santa Rosa county before and after the date of the patent to the land in controversy; that they were reputed to be husband and wife, and lived together as such when the plaintiff was a little girl; that when William Young left to join the army Ella Poston was perhaps five years old and she went with her mother first to Milton and Pensacola, and then to Montgomery, from which latter place Ella went to live with her uncle in Alabama where she was when William Young returned there after the war; that William Young apparently without again living with Lithia, died not long after the war while the plaintiff Ella Poston was living with him as his daughter at her uncle's in Alabama; that after the marriage of Ella Poston her mother Litha lived with her as her mother a portion of the time before her death in Alabama; that when William Young went to the war he gave the original

patent to Judge Chain at Milton, apparently for safe-keeping; and that Litha was known as Litha Young long after the death of William Young. The plaintiff testified that her mother and father were married in Covington county, Alabama, but no record evidence of the marriage was produced. There is also evidence that Litha at one time did acknowledge Ella as her daughter, just before Ella married.

The defendant had possession of the original patent, and put it in evidence, and also claimed under a convey-ance from W. W. Tate by attorney in fact in 1871. The court house of the county was burned with the records in 1869, and it does not appear that William Young ever conveyed the land covered by the patent; nor does it ap-pear how the defendant came in possession of the original patent. The predecessors in title of the defendant took timber from the land in the usual manner during a num-ber of years, but apparently had no other actual occu-pancy of the land for the statutory period to mature a title by adverse possession.

The court charged the jury that "the defendant has not shown any title to the land at all." But "the rule is that the plaintiff must prevail by the strength of his own title, and not by the weakness of the defendant's title." "In order to recover in this suit the plaintiffs must show only one fact by a preponderance of the evidence, and that is that Mrs. Poston is the daughter of William Young, the man who patented, or who got this patent from the gov-ernment of the United States, that is, that she is the le-gitimate child of the William Young who patented this land. If the plaintiffs have shown this, she is entitled to the title and right of possession because as I say the de-fendant has not shown any title at all, and that is the

sole point you gentlemen have to consider in reaching your verdict, is Mrs. Poston the daughter of the man, William Young, whom the United States Government issued the patent to, that is, is she the lawful child, born in lawful wedlock, because it is shown by testimony that she is the only child of her father, who is dead, that she is sole heir, and as sole heir, would be entitled to succeed to all his rights. Therefore if Mrs. Ella Poston is William Young's daughter and sole heir she would succeed to his lands and she would be entitled to a verdict in this case." "If you find from that testimony that William Young and the woman called Litha Ann Young were, at any time in the past, living together and holding themselves out as man and wife, and you also find this plaintiff, Ella Poston, is the daughter of William Young and Litha Ann Young, born to them while they were living together and holding themselves out as man and wife, then that would be sufficient proof that Ella Poston was the legitimate daughter of William Young and Litha Ann Young, although there might not have been any marriage certificate produced before you, or any other evidence of the marriage." "The only point submitted to this jury for their finding was whether Ella Poston, the plaintiff, was the legitimate daughter of William Young, the patentee of the land sued for."

The court refused to give the following charges: "If you find from the evidence that Simpson & Company cut logs from the lands in dispute regularly, according to the custom of the country, having at the time a paper writing purporting to be a conveyance of the property, and that this cutting occurred at irregular periods but according to the course and custom usually prevailing at the time in the neighborhood of the lands in dispute, and that this

cutting was continuous in the manner stated for a period exceeding seven years before this suit, and that the land was timbered land located in a section where there were few farms and those only by small farmers none located nearer than one-half mile from the land and that this cutting of logs was open, notorious and under a claim of right, you will find for defendant." "If you find from the evidence such facts as are hypothecised in the preceding instruction and further find that the records of Santa Rosa County have been destroyed by fire, and that for many years plaintiffs have made no efforts to recover the land, and that the facts in evidence are such as to lead your minds to the conclusion that William Young parted with his title to the land, then you may so find even though there is no direct testimony that he made a deed of the land in his lifetime."

It is contended that the quoted instructions given were erroneous in that they told the jury that the defendant has no title or right of possession to the land; and in that they ignored the testimony that william Young did not live with or recognize the plaintiff's mother as his wife after he returned from the war; ignored the evidence that Litha disowned the plaintiff; and ignored the fact that the plaintiff produced no record evidence of the marriage of William Young and Litha. It is further contended that the requested charges were erroneously refused in that the evidence tends to show the possession required to mature title of adverse possession under color of title; and that in refusing the quoted instructions and on the inquiry of one of the jury as to the rule of law giving to those "who held long possession of land some right to it," in instructing the jury that "the only point submitted to this jury for their finding was whether Ella Poston, the plaintiff, was the legitimate daughter of Wil-

liam Young, the patentee of the land sued for," the effect
of all of which, it is insisted, was to withdraw from the
jury the testimony as to the possession by taking timber
from the land in the usual way owners did under color
of title, and to limit the jury to the question of whether
Ella Poston, the plaintiff, was the legitimate daughter of
William Young, when there was no record proof of mar-
riage, and there was evidence that Litha had declined to
acknowledge Ella as her daughter, and also evidence from
which a conveyance of the land by William Young in his
lifetime may be presumed.

But the acts of possession shown in taking timber from
the land during a period of years for saw-mill purposes
does not comply with the statutory requirement for ad-
verse possession under color of title since such taking of
timber was not a cultivation or an improvement, or a
fencing, or a use for taking fuel or fencing timber for
*purposes of husbandry,* or for the ordinary use *of the
occupant.* There was no occupant and the mere taking
of timber for saw-mill purposes is not similar to any of
the purposes named in the statute. Nothing equivalent
even to continued use for turpentine operations is shown.
See Hyer v. Griffin, 55 Fla. 560, 46 South. Rep. 635; Sec.
1721 Gen. Stats. of 1906.

It is not contended that Ella Poston is not the only
child and heir of William Young if she is his legitimate
daughter, which latter issue was duly submitted to the
jury, therefore there was no material error in the charge
stating that if Ella Poston is William Young's daughter
and sole heir, she would succeed to his lands and she
would be entitled to a verdict.

The charge as to the presumption of marriage arising

in a civil action from a showing of "living together, holding each other out as man and wife," is not materially erroneous since on the evidence in this case such living together and holding out implies a reputation as to a marriage status, and the right to overcome the presumption by evidence is not excluded, but is expressly recognized in the charge.  Now as to the charge that if the jury find that William Young and Litha were living together and holding themselves out as man and wife, and also find that Ella Poston was born to them while they were living tobether and holding themselves out as man and wife, then that would be sufficient proof that Ella was the legitimate daughter, though no marriage certificate was produced or any other evidence of the marriage. This charge did not say the evidence stated would conclusively prove the marriage if there was conflicting evidence, but it states that it is sufficient proof without a marriage certificate or other proof of the marriage.   A previous instruction had stated that in civil actions the proof of a living together, holding each other out as man and wife, raised a presumption of marriage in the absence of proof to negative the validity of the marriage. If more specific charges on particular points were desired, they could have been requested.   The instructions given may not be regarded as charges on the weight of the evidence.

In view of the insufficiency of the acts of possession or occupancy shown to give title by adverse possession under color of title by virtue of the deed from W. M. Tate, there was no error in refusing the above quoted charge as to acts of possession by the defendant.   As there is no substantial evidence in the record upon which to base a presumption that William Young parted with his title to the

land, the requested instruction on that subject was properly refused. The circumstances here did not warrant a submission to the jury of the question whether a conveyance from William Young may be presumed from a belief that it was actually made, or for the purpose of quieting possession. The facts of this case do not bring it within the rule as to a presumed conveyance announced in Fletcher v. Fuller, 120 U. S. 534, 7. Sup. Ct. Rep. 667; Bostwick v. Florida Cent. & W. R. Co., 61 Fla. 850, 56 South. Rep. 290; Grayson v. Lofland, 21 Tex. Civ. App. 503, 52 S. W. Rep. 121; Hagenbuck v. McClaskey, 81 Ind. 577; Schauber v. Jackson, 2 Wend. (N. Y.) 13, text 63.

There is evidence to sustain the verdict, and nothing in the transcript indicates that the jury were not governed by the evidence in making their finding, which on the whole record does not appear to be clearly wrong.

The judgment is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.