ALTHA GIN AND MANUFACTURING COMPANY, A CORPORATION, *Plaintiff in Error*, v. C. C. LIDDON, T. B. LIDDON AND J. D. TURVAVILLE, COPARTNERS UNDER THE FIRM NAME AND STYLE OF LIDDON & TURVAVILLE, *Defendants in Error.*

Opinion Filed March 1, 1917.

In an action of ejectment a showing that the defendant in possession purchased the property at a public sale and has paid the purchase price, is a good defense even though a deed of conveyance had not been made to the purchaser.

Writ of Error to Circuit Court for Calhoun County; W. D. Farley, Referee.

Judgment affirmed.

*J. H. Finch,* for Plaintiff in Error;

*Paul Carter,* for Defendant in Error.

PER CURIAM.—The corporation brought ejectment against the partnership. Trial was held before Honorable W. B. Farley, as Judge *ad litem* upon a plea of not guilty and the following special pleas:

"3. That the defendants rented the premises described in plaintiff's declaration from the plaintiff during the

years 1912 and 1913, for an agreed rental and were in possession of said premises under such agreement on the 4th day of March, 1914, when the said defendants bought the said premises from the plaintiff for the sum of $2,010 and paid on the purchase price the sum of $500 in cash, but the plaintiff has never tendered these defendants a deed for the said premises, and has never offered to return the said $500 paid on the purchase price, and has never demanded possession of the said premises from these defendants before the institution of this suit.

"4. And for a fourth plea to plaintiff's declaration on equitable grounds, these defendants say,

" That defendants entered into possession of the property described in plaintiff's declaration during the year 1912 under a lease or renting of said property by defendants. That about the 9th day of March, 1914, the said property was sold to the defendants by the plaintiff for the sum of $2,010.00, under an agreement of the directors of said corporation, at a public sale in the town of Altha, Fla. That it was a part of the said agreement that the property of the corporation be sold for the purpose of paying off its indebtedness. That the said indebtedness was a mortgage, executed by plaintiff to Citizens State Bank, for the sum of $1562.50, due and payable January 1, 1914, with interest at 10% from maturity; an indebtedness due defendants for the sum of $244.53, for goods, wares and merchandise sold and delivered plaintiff and interest on account; and indebtedness due and owing the defendants, C. C. Liddon and T. B. Liddon, co-partners under firm name and style of C. C. Liddon & Co., amounting to $43.40 with interest for two years.

"That the defendant, C. C. Liddon, was, during all of said time, Treasurer of the plaintiff corporation. That it was agreed as a term and part of said sale that the in-

debtedness of the corporation should be paid · from the proceeds of said sale. That there was no other outstanding· indebtedness against the plaintiff corporation. That these defendants duly delivered the amount due upon the said mortgage to the holder thereof, to-wit, Citizens State Bank, amounting to the sum of $32.15 interest and $1,-090.60 principal and caused said mortgage to be transferred to these defendants and released the endorsers on the note secured thereby.

"That the defendants, at the time of said purchase, paid to J. D. Smith, President of the plaintiff, $500.00 on said purchase price, and offered to allow all of the above indebtedness on the balance of said purchase price and offered and agreed to pay the balance of said purchase price upon delivery of a deed to these defendants, but the plaintiff failed and refused to deliver said deed and instituted suit. That said balance was the sum of $103.53 which defendants bring into court and tender."

Verdict and judgment were rendered for the defendants.

On writ of error the plaintiff contends that the court erred in overruling demurrers to the third and fourth pleas; in admitting testimony; and in charges given to the jury. As all the evidence adduced was admissible under the general issue of not guilty, it is not necessary to determine whether error was committed in overruling demurrers to the special pleas.

It appears that the corporation having title to the property authorized its sale to the highest bidder for cash to be applied to the payment of the indebtedness of the corporation. A sale was made to the defendant partnership for $2010.00, $500.00 being paid in cash at the sale. There is evidence that the remainder of the purchase price was satisfied by the payment of a mortgage and open ac-

counts owed by the plaintiff corporation except a small balance which was paid into the court registry. This payment of the purchase price as testified to having been found to have been made, showed an equitable defense available to the defendant, and technical errors if any in the admission of evidence or in the charges given could not have been harmful to the plaintiff, no errors of substantive law appearing.

Affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.