EDULIA SMITH PRICE AND BAYARD R. PRICE, HER HUS-
BAND, AND ELIZABETH F. FANNING, *Appellants,* v. BY
RON HORTON, *Appellee.*

### Opinion Filed January 26, 1920.

Where a party seeks to establish in a court of equity a title
in him to real estate, as to which defendants and their pre-
decessors in interest have, in good faith, expended consid-
erable money in obtaining a supposedly good title and in
paying taxes, etc., the complainant should in appropriate
circumstances be required to do equity to get the equitable
relief sought.

An Appeal from the Circuit Court for Duval County;
George Couper Gibbs, Judge.

Decree reversed.

*Giles J. Patterson* and *Milam & Milam,* for Appellants;

*C. C. Howell* and *O. O. McCollum,* for Appellee.

WHITFIELD, J.—Horton brought a bill in equity against
appellants to quiet title to described real estate, alleging
in effect that he "is the owner and seized in fee simple,.
and is in actual possession" of the land; that defendant,
Edulia Smith Price, claims an estate or interest hostile
and adverse to complainant's title through stated mesne
conveyances under a deed of conveyance in 1854 from
John H. Gumby; that Elizabeth F. Fanning claims a
mortgage upon the land executed by Price and wife; that
Gumby had no title, and that the defendants have no
title; that the claims of the defendants are a cloud upon
complainant's title. The prayer is that claims of the de-

fendants be decreed invalid and cancelled, and that appropriate injunctions issue, etc.

A decree *pro confesso* was entered against Elizabeth F. Fanning. By answer Edulia Smith Price and her husband in effect denied the invalidity of the title of Edulia Smith Price; admitted the execution of the mortgage to Elizabeth F. Fanning, denied its invalidity and denied "that the same remains uncalled of record;" denied that John.H. Gumby, the source of defendant's title, was without title, and avers that the land had been granted to Gumby by Solomon F. Halliday, under whom complainant claims title; averred that Edulia Smith Price is the owner of the land; that she and her predecessors have been paying taxes on the land and exercised dominion and ownership over the premises.

The evidence shows that a patent from the United States Government covering the land was issued in 1844 to Solomon Halliday and that he died in 1888, leaving a will by which he devised to his nephew, the complainant, Byron Horton, "all of my estate both real and personal;" that the devisee who lives in another State settled up the testator's estate, but knew nothing of the testator's ownership of the land covered by the U. S. Patent until December, 1912.

This suit was instituted in 1916, preparatory to which complainant caused a two-strand wire fence to be put around the property which was unoccupied, and "thickly growed with pine trees." The patent issued in 1844 to complainant's testator covered 52 acres. The land was subdivided perhaps thirty years subsequent to the date of the conveyance of it in 1854 made by Gumby through whom defendants claim title; and a portion of the tract, not including that part in controversy here, was apparent-

ly before the subdivision occupied for some years as a cattle pen, butcher shop, etc., by a person not connected with defendant's chain of title. The State, county and city taxes on this property was for many years prior to this suit paid by defendants or their predecessors in claim of right. The defendants have a chain of title from Gumby and gave a mortgage on the property as stated.

Defendants appealed from a decree for the complainant.

It seems to be conceded that the complainant has a title through the U. S. Patent and the will of his testator, the patentee. The main contention is that by laches of the complainant and his testator and by reason of the acts of ownership and payment of taxes, etc., by the defendants and their predecessors in interest, the complainant should be equitably estopped, or a conveyance should be presumed to have been made by the patentee to Gumby or to some one through whom the Gumby chain of title to the defendants is claimed, in order to protect the defendants' title.

If there had been the requisite actual possession of the land, or such possession shown as to character and length of time that was sufficient to ripen into title by adverse possession with color of title under the statute, there would be no necessity to presume a conveyance from Halliday, the patentee, in order to show title in the defendants. Complainant's source of title is an original one from the United States, and is superior to the source of defendants' title. There is no evidence of a sale, gift or abandonment of the property by Halliday in his life time except that the land was platted and it appears the claimants under the Gumby chain of title paid the taxes and defendants executed a mortgage on the land. The land

is at Jacksonville, while the patentee, Halliday, lived and died at Gainesville, Florida. The complainant did not know until 1912 of the patent made in 1844 to his testator who died in 1888. This land was not specifically referred to in the will. During all these years this land was apparently unoccupied with no fence around it till the complainant had a two-wire fence put around the place a few days before this suit was brought to remove defendants' claim of title as a cloud on complainant's title. There is nothing to show a recognition of defendants' title by the complainant or by his testator, Halliday. The position of the defendant has not been changed since 1912 when complainant became aware of his interest in the land.

In Fletcher v. Fuller, 120 U. S. 534, 7 Sup. Ct. Rep. 667, and Hagenbuck v. McClaskey. 81 Ind. 577, and other cases where the making of a conveyance was presumed, there was evidence of possession or of other facts warranting the presumption that do not appear in this case. See. Bagdad Land & Lumber Co. v. Poston, 69 Fla. 340, 68 South. Rep. 180. But in view of all the circumstances of this case the complainant should do equity to get the relief sought. See 10 R. C. L. Sec. 141, p. 393; 6 Pom. Eq. Jur. No. 390, et seq; 16 Cyc. 143.

The decree is reversed with directions to ascertain what compensations or other considerations should be required of the complainant to equitably entitle him to the relief sought.

TAYLOR AND ELLIS, J. J., concur.

BROWNE, C. J., AND WEST, J., concur in reversal.