REED, Judge.
This is an appeal by Ira D. Madison and Christine Madison, his wife, the defendants in the trial court, from a summary final judgment. The plaintiffs, Deodies Haynes, Jr., and Dorothy E. Haynes, filed a complaint on 16 February 1967 in the Circuit Court for Brevard County, Florida, in which they alleged that they owned a parcel of land in Brevard County, Florida, which was rectangular in shape, being 50 feet wide and 100 feet long. The complaint asserts that the defendants are in possession of the southerly 30 feet of the property and demands a judgment for possession thereof. Attached to the complaint is a chain of title indicating that the plaintiffs’ immediate predecessor in title, one Allen Drayton, acquired the lot by a deed dated 22 June 1939 and recorded 19 February 1945. According to the chain, Drayton conveyed the property to plaintiffs by a deed dated 27 October 1962 and recorded 28 November 1962.
While a motion to dismiss and a motion to strike were still pending, the plaintiffs filed a motion for summary judgment. In support of their summary judgment motion the plaintiffs relied on an affidavit from Allen Drayton which stated that he fenced the property in the early 1940’s and that the property was enclosed and possessed by him continuously and adversely for a period of seven years. Additionally, the plaintiffs submitted their own affidavit stating that they had been in possession of the property in question for a period of more than four years immediately preceding the filing of the complaint which possession consisted of building a home on the property and using the unimproved portion of the property for purposes of recreation, enjoyment, erection of clothes line poles, clothes lines and the usual uses of property adjoining a family residence. This affidavit asserts that the defendants have moved a dwelling house onto the disputed portion of the property and have refused to remove the same.
In opposition to the motion for summary judgment, the defendants submitted an affidavit executed by Ira D. Madison indicating that the defendants acquired a deed to the disputed parcel on or about 6 August. 1966. The affidavit further indicates that when the defendants entered upon the real estate they found poles and clothes line which they removed from the disputed parcel.
Following a hearing on the motion for summary judgment the trial court found:
“3. That Plaintiffs’ predecessors in title acquired by adverse possession a parcel of land including Lot 30 of Block 4 of Read and Allen’s Subdivision, according to the plat thereof recorded in *46 Plat Book 2, page 20, of the Public Records of Brevard County, Florida, and running southerly 100 feet from Booker Street, also known as Booker Avenue, which land was actually fenced and occupied by Allen Drayton, one of Plaintiffs’ predecessors in title, for a period of over seven (7) years, which land included the land which is the subject matter of this suit.”
Based on this finding of fact the trial court held that the plaintiffs are the owners in fee simple of the disputed parcel of land and were entitled to recover possession thereof from the defendants. The issue here is the propriety of this holding on the motion for summary judgment.
The plaintiffs rely for their right to a summary judgment on a showing by affidavit that they acquired title through the adverse possession of their predecessor in title, Allen Drayton. The affidavit of Drayton tends to show that Drayton acquired adverse possession under color of title around 1947 by reason of his having entered upon the property under color of title and maintained a fence thereon for a period of seven years beginning in the early 1940’s. Sections 95.16, 95.17, F.S.1965, F.S.A. However, neither the affidavit of Drayton nor any other document offered in support of the motion negates the possibility that subsequent to the ripening of title by adverse possession in Drayton the defendants’ predecessor in title might have acquired title to the contested land by adverse possession and conveyed the same to the defendants.
A valid title in the defendants may be an affirmative defense to the plaintiffs’ claim. 25 Am.Jur.2d, Ejectment § 22; Altha Gin & Mfg. Co. v. Liddon, 1917, 73 Fla. 541, 74 So. 524; cf. Bagdad Land & Lumber Co. v. Poston, 1915, 69 Fla. 340, 68 So. 180. Since the possibility of such a defense was not negated, the plaintiffs have not made it conclusively appear that there is no genuine issue of material fact to be tried.
When plaintiffs moved for a summary judgment before an answer was filed, they had the burden of conclusively establishing that no answer which the defendants might properly serve could present a genuine issue of material fact. Settecasi v. Board of Public Instruction of Pinellas County, Fla.App.1963, 156 So.2d 652. For the reason above mentioned, plaintiffs did not carry this burden. Furthermore, the affidavit of the defendant Madison to the effect that at the time he entered into possession of the property in 1966 he found only a clothes line and clothes line poles tends to raise an issue as to the credibility of the Drayton affidavit. When an issue of credibility is present, a summary judgment should be denied. Tucker v. American Employers Insurance Company, Fourth District Court of Appeal, 218 So.2d 221, opinion filed January 20, 1969.
For the foregoing reasons, the summary judgment is reversed and the cause remanded.
CROSS and OWEN, JJ., concur.