295 So.2d 312 (1974)
Robert Lowe PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. S-205.
District Court of Appeal of Florida, First District.
June 6, 1974.
Richard W. Ervin, III, Public Defender, and Robert C. Parker, Jr., Asst. Public Defender, for appellant.
Rober L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
BOYER, Judge.
The defendant, appellant, was convicted of rape and sentenced to life imprisonment. He was represented by an assistant public defender. The thrusts of his appeal are essentially that the evidence was insufficient to sustain the conviction and that he was represented by incompetent trial counsel.
Disposing of the latter contention first, it has generally been held that the test as to competency of trial counsel is whether the facts alleged show that the trial was reduced to a mockery or a farce. (Simpson v. State, Fla.App.(3d) 1964, 164 So.2d 224; Potts v. State, Fla.App. (2d) 1971, 242 So.2d 729) Our examination of the record reveals that the trial was neither a mockery nor a farce and that in fact defendant received able representation.
A defendant in a criminal case is entitled to a fair trial, not necessarily a perfect one. (Frazier v. State, Fla.App. (1st) 1974, 294 So.2d 691.
With respect to the sufficiency of the evidence to support a conviction, we have often stated that a jury verdict will not be disturbed unless it is clearly demonstrated to be unsupported by competent and substantial evidence (Ellison v. State, *313 Fla.App. (1st) 1971, 254 So.2d 837; Thomas v. State, Fla.App. (1st) 1969, 223 So.2d 118; Phillips v. State, Fla.App. (1st) 1969, 223 So.2d 60)
In a jury trial, whether it be civil or criminal, the jury is the ultimate fact finder and, when the evidence is conflicting, if there is substantial credible evidence in the record to sustain the jury's verdict it may not be disturbed on appeal. The Supreme Court of Florida has repeatedly admonished District Courts to beware of substituting appellate factual judgments for those of the trier of facts. (See Westerman v. Shell's City, Inc., Sup.Ct.Fla. 1972, 265 So.2d 43; Exchange Bank of St. Augustine, etc. v. Fla. National Bank of Jacksonville, etc., Sup.Ct.Fla. 1974, 292 So.2d 361).
The record before us reveals that the rape victim was a barmaid with whom the defendant had been drinking prior to the rape incident. They arranged to meet in the lounge of the motel at which defendant was staying and upon leaving the defendant asked the victim to accompany him to his room because he had something to show her. A physician testified at the trial that following the incident he conducted a vaginal examination of the victim and found live sperm indicating recent intercourse as well as traumatic laceration of the vagina. Multiple witnesses testified to bruises and abrasions. The defendant testified that the victim asked to go to his room, and that once in the room she fell across the bed voluntarily and took her clothes off. He testified that the injuries which she received were the result of horseplay.
The jury heard all of the evidence and resolved the conflicts contrary to the contentions of the defendant. Our examination of the record reveals that the jury's verdict is supported by a preponderance of the evidence and, of course, it was for the jury to determine whether they were convinced beyond and to the exclusion of a reasonable doubt. They did so find and we may not disturb that finding.
Affirmed.
RAWLS, C.J., and McCORD, J., concur.