310 So.2d 772 (1975)
Vinson ATES and Minnie Ates, Husband and Wife, Appellants,
v.
YELLOW PINE LAND COMPANY, Its Trustees or Successors, et al., Appellees. Humble Oil & Refining Company and St. Regis Paper Company, Inc., Appellants,
v.
Vinson ATES et ux., Appellees.
Nos. U-114, U-120.
District Court of Appeal of Florida, First District.
February 25, 1975.
Rehearing Denied April 10, 1975.
Allen W. Lindsay of Lindsay & Lindsay, Milton, Philip D. Beall and Roderic G. Magie of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for Vinson and Minnie Ates.
*773 G. Thomas Smith, Jeffrey T. Sauer, Pensacola, and Thomas A. Clark of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for Humble Oil & Refining Co., Yellow Pine Land Co. and others.
BOYER, Acting Chief Judge.
We here consider two consolidated appeals from a final judgment quieting title to certain interests in 20 acres of land.
Title to the 20 acres is deraigned without remarkable significance into Yellow Pine Land Company by deed dated September 17, 1928. On April 18, 1931 Yellow Pine Land Company executed a deed to Escambia Land and Manufacturing Company which deed is claimed to have been intended to convey the subject 20 acres and other lands; but the subject 20 acres which is properly described as the northwest quarter of the southwest quarter of section 11, township 4 north, range 29 west was erroneously described as the northeast quarter of the southwest quarter of said section, township and range. On October 1, 1936 Escambia Land and Manufacturing Company conveyed the subject property by correct description to the Pace Company. By successive mesne conveyances title became vested on December 11, 1940 in Florida Pulp and Paper Company.
On September 1, 1941 Vinson Ates obtained a tax deed from the State of Florida purporting to convey to him the subject 20 acres, which deed was recorded on September 6, 1941. Ates paid the taxes on the property for the tax years 1941 through 1972.
On June 14, 1946 Florida Pulp and Paper Company executed a mineral deed to Florida Oil & Gas Company purporting to convey an undivided one-half interest "in and to all clays, coals, oil, metal, gases and mineral products" in the subject land and other lands. It is apparent that that conveyance was intended to sever the subsurface mineral interest and title thereto from the surface ownership.
St. Regis Paper Company is the successor in interest through absorption by merger of Florida Pulp and Paper Company and thereby claims ownership of the surface of the subject property and an undivided one-half interest in the subsurface mineral interests. Humble Oil & Refining Company claims ownership of the remaining undivided one-half interest in the subsurface minerals by virtue of a mineral deed from Florida Oil & Gas Company dated April 1, 1971 and various oil leases to Humble Oil & Refining Company from both St. Regis Paper Company and Florida Oil & Gas Company dated March 26, 1969.
Vinson Ates claims ownership of the surface and subsurface by virtue of the tax deed above referred to.
Suit to quiet title was commenced by Vinson Ates and Minnie Ates, his wife, against St. Regis Pulp and Paper Company, Humble Oil & Refining Company and other defendants seeking to quiet title to the subject 20 acres.
Final judgment was entered by the trial judge, sitting as a finder of the facts, wherein he found that Ates went into actual possession on September 1, 1941 claiming under the above mentioned tax deed, which he found to constitute color of title, though defective, and that Ates continued in possession under color of title "in obedience to the requirements of Section 95.17(3) Florida Statutes." He further found that Ates' adverse possession ripened into fee simple title except as to the claim of Humble Oil & Refining Company to an undivided one-half interest in the subsurface oil, gas and minerals as to the east half of the subject property; reciting that "It is the opinion of this court that adverse possession of the land surface alone does not destroy vested title to severed oil, gas and other minerals in and under such surface."
Based on those findings the learned trial judge found Vinson Ates to be vested with the fee simple title to all of the subject property except an undivided one-half interest *774 in and to the oil, gas and other minerals in the east half of the subject property, which interest he found and declared to be vested in fee simple in Humble Oil & Refining Company.
From that final judgment Vinson Ates and Minnie Ates, his wife, plaintiffs in the trial court, took timely appeal claiming that the trial judge erred in finding that Humble Oil & Refining Company had a severed interest in any part of the subsurface rights. Humble Oil & Refining Company and St. Regis Paper Company also took timely appeal, Humble claiming that the trial judge erred in failing to find it the owner of an undivided one-half interest in all subsurface oil, gas and other mineral rights, and St. Regis Paper Company claiming that the trial judge erred in failing to find it to be the owner of the surface and an undivided one-half interest in the subsurface. As above noted, those appeals were consolidated and are both resolved in this opinion.
It is settled law that a tax deed, whether valid or invalid, is color of title under Florida Statutes 95.16 and 95.17. (See 1 Fla.Jur., Adverse Possession, § 8 and the many cases there cited)
The learned trial judge, as a finder of the facts, construing the evidence before him, found that Ates, plaintiff in the trial court, went into actual possession under color of title and that such possession was such as to ripen into fee simple title under Florida Statute 95.17(3). Although the evidence was scanty we cannot say that as a matter of law the trial judge erred in so finding and holding. We, as an appellate court, may not substitute our judgment as to the facts for that of the trial judge. (See Merritt v. Williams, Fla.App. 1st 1974, 295 So.2d 310; Parker v. State, Fla.App. 1st 1974, 295 So.2d 312; and Exchange Bank of St. Augustine v. Florida Nat. Bank, Sup.Ct.Fla. 1974, 292 So.2d 361)
We therefore affirm that portion of the final judgment finding in favor of the plaintiffs, Ates.
We next consider that portion of the final judgment wherein Humble Oil & Refining Company was declared to be vested with fee simple title to an undivided one-half interest in and to the oil, gas and other minerals under the easterly one half of the subject property. It is apparent from the recitations in the final judgment that the trial judge determined that the conveyance from Florida Pulp and Paper Company to Florida Oil & Gas Company on June 14, 1946, after Ates went into possession under his tax deed, was sufficient to convey and sever an undivided one-half interest in the subsurface oil, gas and other minerals under the east one half of the subject 20 acres, being that portion of the subject 20 acres which was conveyed by Escambia Land and Manufacturing Company to The Pace Company on October 1, 1936. Such determination is apparent from the recitation in the final judgment hereinabove quoted to the effect that the trial judge opined that adverse possession of land surface does not destroy vested title to severed subsurface rights. However, that was not the point before the trial court, nor is it the point to be resolved here.
The question before us is whether adverse possession of land commenced prior to a deed of conveyance by one other than the adverse possessor purporting to convey subsurface interests, if the adverse possession continues to maturity, ripens into fee simple title of the entire estate notwithstanding the prior attempt, during the period of adverse possession, to sever the subsurface interests. Put another way, does a conveyance of subsurface interests by one not in possession, while another is in adverse *775 possession of the surface, stop, suspend or toll the running of the adverse possession statute as to the subsurface interests.
Sub judice the trial judge found, and we have affirmed that Ates commenced adverse possession under color of title on September 1, 1941. There is not even a contention that there was any attempt to sever the subsurface rights until June 14, 1946, when Florida Pulp and Paper Company sought to convey an undivided one-half interest in the subsurface rights to Florida Oil & Gas Company. That purported conveyance could not and did not interrupt, toll nor otherwise affect the running of the statute which ultimately matured fee simple title in Ates.
We find logical and reasonable, and in comformity with the law of the State of Florida, the following statements found in The Law of Oil and Gas by Richard W. Hemingway, Hornbook Series, West Publishing Co., Section 3.4:
"Where no separation of the minerals from the rest of the land has occurred prior to the entry of the trespasser, adverse possession of the surface will mature title to all of the land including the minerals." (at page 117)
* * * * * *
"Although severance prior to surface possession may prevent acquisition of the minerals by such possession, where the possession has begun, a subsequent severance of the minerals by the true owner will not interrupt the adverse possessor's running of the statute as to either the surface or the minerals. For instance AP enters, O, nine years later, conveys all the minerals to L. AP completes the possession period (ten years) without being dispossessed. AP will mature title to the surface and the minerals. It is the general rule that once adverse possession has begun, that it may only be interrupted by an ouster, actual or constructive. An actual ouster would consist of physical removal of the AP from the premises, and a constructive ouster by the successful prosecution of an action in ejectment to a judgment. A conveyance or reservation of the minerals, or the execution of an oil and gas lease, does not constitute an ouster and, hence, will not interrupt possession." (At page 121)
(For cases to the same effect please see Wallace v. Neal, Ct.App. 1928, 227 Ky. 30, 11 S.W.2d 1002; Broughton v. Humble Oil & Refining Co., Ct.App.Tex. 1937, 105 S.W.2d 480 and Rio Bravo Oil Co. v. Staley Oil Co., 1942, 138 Tex. 198, 158 S.W.2d 293)
Analogous is Humble Oil & Refining Company v. Laws, Fla.App. 1st 1973, 272 So.2d 841 wherein Judge Rawls, speaking for this Court, said:
"* * * Actual possession is constructive notice to all the world of whatever rights the occupants have in the land. Such possession when open, visible, and exclusive, will put upon inquiry those acquiring any title to or a lien upon the land so occupied to ascertain the nature of the rights the occupants really have in the premises. Humble, a prospective purchaser, having knowledge of the possession of the realty by the Laws, as lessees, was required to inquire as to the full terms and conditions of their lease, including their right to purchase. As related in the above facts, the exclusive possession by the Laws was more than adequate to put any person upon inquiry as to their interest in the land occupied by them. This Humble did not do. * * *" (footnotes deleted; 272 So.2d at pages 842-843)
We accordingly reverse and remand with directions to enter final judgment quieting title to the entire estate, surface and subsurface, in plaintiffs below, Vinson Ates and Minnie Ates, his wife.
*776 Lest it be urged by motion for rehearing that we have overlooked or failed to consider the many other points raised by the parties, we here announce that each point has been carefully considered, but we find that a discussion of each of the points would serve only to lengthen this opinion and would not alter the result.
Affirmed in part and reversed in part.
JOHNSON and MILLS, JJ., concur.

ON REHEARING DENIED
BOYER, Acting Chief Judge.
Humble Oil & Refining Company and St. Regis Paper Company, Inc. have filed a motion for rehearing in which they remind us that "scanty evidence", depending upon the definition of that term, might well be insufficient to support a finding of the establishment of title based upon adverse possession. (See Bagdad Land & Lumber Company v. Poston, Sup.Ct.Fla. 1915, 69 Fla. 340, 68 So. 180; Clark v. Cochran, Sup.Ct.Fla. 1920, 79 Fla. 788, 85 So. 250; Hyer v. Griffin, Sup.Ct.Fla. 1908, 55 Fla. 560, 46 So. 635; Gilbert v. Southern Land & Timber Co., Sup.Ct. 1907, 53 Fla. 319, 43 So. 754; Barrs v. Brace, Sup.Ct.Fla. 1896, 38 Fla. 265, 20 So. 991; and Berry v. Perdido Realty Co., Sup.Ct.Fla. 1922; 84 Fla. 134, 93 So. 171) Having re-examined the record in light of the holdings of the above cited cases, we conclude that the use of the phrase "Although the evidence was scanty" in the second line of the twelfth paragraph of our opinion was improvident. That phrase is accordingly stricken and the sentence is amended to read "We cannot say that as a matter of law the trial judge erred in so finding and holding."
Except as to the deletion of the above mentioned phrase, we adhere to our original opinion and the motion for rehearing is denied.
JOHNSON and MILLS, JJ., concur.