E. L. COWART, *Plaintiff in Error*, v. M. VENABLE, *Defendant in Error*.

Opinion Filed November 5, 1923.

1. In an action of ejectment plaintiff relied for proof of title and right to possession of the premises upon. a sheriff's deed to him. The defendant offered in evidence a bond filed by the defendant, under the provisions of Section 3418, Revised General Statutes, and conditioned "for the payment to the plaintiff in attachment of the debt or demand," in an action

in which there was an attachment of the premises sought to be recovered in the action of ejectment. The former action, after the giving of the bond, proceeded to judgment, and it was at an execution sale of the attached premises that plaintiff acquired the title upon which he relies for recovery. The defendant in ejectment is the successor in title of this execution debtor, who executed a deed to defendant subsequent to notice of the attachment. Upon the theory that the giving of the bond by the defendant in attachment put an end to plaintiff's right to proceed further in that action against the attached real estate, the bond was offered in evidence by the defendant in the action of ejectment. Upon objections by the plaintiff it was excluded. *Held*: Nothing further being urged or appearing to defeat it than the giving of such bond by the defendant in attachment, the purchaser at an execution sale of the real estate attached in the action acquired such title thereto as the defendant had at the time of the attachment, and that the ruling excluding the bond as evidence was not erroneous.

2. Where plaintiff in ejectment proves title prima facie to the land involved in the suit, it is not error for the court to direct a verdict for plaintiff with respect to the recovery of possession of the land and submit to the jury only the question of mesne profits claimed by plaintiff.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Alachua County; A. V. Long, Judge.

Affirmed.

*Evans Haile* and *Thomas W. Fielding*, for Plaintiff in Error;

*W. S. Broome*, for Defendant in Error.

WEST, J.—This is an action in ejectment. On an issue made by plea of not guilty to a declaration in substantially the statutory form there was a directed verdict for plaintiff as to the possession of the premises sued for, but the question of *mesne* profits was submitted to the jury. There was a verdict for plaintiff. Motion for new trial was made and denied. Judgment upon the verdict was entered. Defendant took writ of error.

Plaintiff proved title *prima facie* to the property sued for by the introduction in evidence of a deed from plaintiff to defendant's grantor, A. B. Waldron, record of attachment proceedings and certified copies of judgment and execution, and sheriff's deed for the property to plaintiff in an action by plaintiff against Waldron, with interrogatories and answers of the defendant propounded under section 2734, Revised General Statutes, from which it appeared that he acquired title to the property by deed from Waldron subsequent to the lien of the attachment in the suit of plaintiff against Waldron.

To defeat plaintiff's title defendant sought to introduce in evidence a bond given by Waldron, the defendant in the action, in which the property was attached, pursuant to the provisions of section 3418, Revised General Statutes, conditioned that said defendant should pay to the plaintiff the debt on demand and all costs adjudicated in said suit to be due and payable· by him to plaintiff. Objections of plaintiff to the introduction of this bond in evidence were sustained, and this ruling being assigned as error, presents the decisive question in the case.

The theory of defendant, plaintiff in error here, seems to be that upon the giving of a bond under this statute by a defendant in attachment the attached property is restored to him, that plaintiff's right to proceed further against the attached property is thereupon at an end, that

he must thereafter look to the bond for the payment of his debt, and that if he does proceed upon a judgment recovered in the suit and execution issued thereon to sell the land or tenements attached, the sale and deed issued theron will be ineffectual to divest the defendant in attachment of title and convey it to the purchaser.

That the giving of a bond by the defendant in attachment to pay the debt when the property attached is lands or tenements, does not so operate, *ipso facto,* is clear. The effect of the bond duly filed is to restore the attached property to the defendant. Sec. 3418, Revised General Statutes. By section 3416 it is expressly provided that "the levy of a writ of attachment shall not operate to dispossess the tenant of any land or tenements." Such levy is a lien upon "real estate as against subsequent creditors and purchasers, only from the time of the record by the clerk of the circuit court in the lien book of a notice of the levy and a description of the property levied upon." Since there is no ouster or dispossession, when the attached property is real estate there is no occasion for restoration of possession as contemplated by section 3418. This case does not present the question of a release or cancellation of a lien by plaintiff in attachment upon the giving of bond or satisfactory security by defendant to pay the debt, or such sum as may be found to be due. The point decided is that the giving of a bond by the defendant in attachment under section 3418 to pay such sum as should be adjudicated in the action to be due by him to the plaintiff did not operate to preclude or estop plaintiff from proceeding upon his judgment and execution subsequently recovered to sell real estate attached, and that having done so, the purchaser at the sale, nothing further being urged to the contrary, acquired such title as the defendant in attachment and execution had. There was therefore no error in the ruling ex-

cluding the offered bond. It was immaterial to the issue presented. The judgment will be affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., Concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.