CARROLL, Judge.
Florida Insurance Exchange appeals an order of the circuit court which directed the insurance commissioner to sell its deposited securities to discharge its obligation as surety on a bond on which suit had not been filed or judgment entered.
Leon Adler sued Thomas Roberts in equity for a rescission and for damages. The plaintiff caused an attachment to be issued under which certain real estate of the defendant of the value of $10,000 was attached. The defendant executed and delivered to the sheriff a bond designated as a “Forthcoming Bond” on which the appellant was surety, in the principal amount of $10,000, conditioned to pay any judgment entered. The condition of the bond was worded as follows:
“The condition of this obligation is such, that whereas the Plaintiff has caused certain property of the principal to be seized under a writ of attachment issued in said action, and the principal now desires the release of, the property from the attachment, now therefore, if said principal shall pay any judgment which shall be recovered against him shall become void and of no effect; otherwise it shall be and remain of full force and effect.”
The final decree in the equity suit, rendered in favor of the plaintiff, included a judgment against Roberts for $10,500 plus certain costs. Roberts instituted an appeal, which subsequently was dismissed.
Florida Insurance Exchange was brought into the cause after final decree by the issuance of a citation which ordered it to show cause “why final judgment or order directed to the State Insurance Commissioner should not be made and entered directing payment to be made in accordance with the terms and conditions set forth therein in that certain forthcoming -bond filed in the within cause wherein you are surety on said bond, because of failure to pay the final judgment made and entered in the within cause.” When that matter came on to be heard the chancellor entered an order directing the Insurance Commissioner of the State of Florida to sell securities of Florida Insurance Exchange necessary to pay the said judgment. A petition for rehearing by Florida Insurance Exchange was denied, and the order entered thereon *77 repeated tlie direction to the Insurance Commissioner for sale of securities of the surety, as follows:
“Ordered, Adjudged and Decreed that J. Edwin Larson, Insurance Commissioner of the State of Florida, be and he is hereby authorized, directed and required to forthwith sell such portion of the bonds or securities of Florida Insurance Exchange, a company authorized to do business in the State of Florida, in his control, as may be necessary to pay the full liability under the said bond, to-wit: $10,000.00 plus interest from the date of the judgment, to-wit: June 4, 1964, and to pay the same to the Plaintiff and/or his attorney of record upon the delivery to him of such Insurance Commissioner of the State of Florida of a satisfaction of said judgment.”
The appellant surety contends its liability could not be determined summarily, but only in a separate and independent action; that no judgment had been entered against it on which execution could lie; and that even if judgment had been entered, it would not be proper enforcement thereof to order the Insurance Commissioner to sell the securities which the insurance company had deposited in this state for the protection of its policyholders. Those contentions advanced by the appellant have merit, and the order appealed from must be reversed.
Rule 5.11, F.A.R., 31 F.S.A., which dispenses with the need for an independent action against the surety on a supersedeas or stay order bond and permits summary determination of liability and entry of judgment against the surety in the cause in which such bond is filed, has no application because this was not a superse-deas or stay order bond.
The bond involved in this case was not provided for by statute. The attachment statute authorizes attachment against real estate as well as against personal property. Section 76.01, Fla.Stat., F.S.A. But the statute provides that an attachment against real estate does not. operate to transfer possession of the land. Section 76.14. The statutory provisions for return of property upon filing a forthcoming bond (§ 76.18) and for return of property upon filing a bond conditioned to pay the debt or obligation when .reduced to judgment (§ 76.19) are expressly keyed into § 76.17, Fla.Stat., F.S.A., which relates to levy of a writ of attachment on personal property only. Therefore, the statutory provisions as to forthcoming bonds or bonds to pay the debt, which provide for entry of judgment summarily against the sureties on such bonds, do not apply to an attachment against real property. This is so because, in addition to being excluded by the wording of the statute, an attachment against real estate does not involve a transfer of its possession and therefore furnishes no need for a forthcoming bond or for the property to be “restored” to the defendant as in §§ 76.18 and 76.19. See Cowart v. Venable, 86 Fla. 367, 98 So. 219, 220; Alford v. Leonard, 88 Fla. 532, 102 So. 885, 889-90. For the same reasons the provisions of § 76.31, which permit judgment to be entered summarily against a surety on a bond to pay the debt, are not applicable here because the language of that section shows it has reference to attachments of personal property, by making it operative where “the defendant shall have retaken the property” upon such bond.
In as much as the bond in this case was not one for which the attachment statute made provisions for entry of judgment thereon without suit (Cowart v. Venable, supra) the appellant was entitled to have its liability on the bond tested by independent suit. See Hooks v. Farmers’ Union Warehouse Co., 62 Fla. 496, 56 So. 501, 502.
 Section 627.0126, Fla.Stat., F.S.A., which requires that a judgment against an insurance company must be paid by it *78 within 60 days after affirmance under penalty of revocation of license, was not applicable because no judgment had been entered against the insurance company. Moreover, the order in this.case for sale of the company’s deposited securities did not conform to the penalty of revocation of license which thát section of the statute imposed.
The order directing the Insurance Commissioner to sell assets of the insurance company was clearly wrong. There was no judgment against the insurance company upon which to base any execution, or collection procedures, and § 625.0210, Fla.Stat., F.S.A., expressly protects from execution by judgment creditors an insurance company’s assets or securities held in this state as a deposit “for the pro-; tection of the insurer’s policyholders or policyholders and creditors.”
For the reasons stated the order appealed from is reversed.
Reversed.