PEARSON, Judge.
The plaintiffs, appellants, sought the enforcement of an alleged mechanic’s lien. After taking testimony, the chancellor entered a “Partial Final Decree” which found as follows:
“1. That the transcript of the proceedings held before the Court on Monday, September 28, 1964, pursuant to notice to all parties, be, and the same is made a part of this decree as if fully set forth herein.
“2. The AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, is dismissed as a party.
“3. The plaintiffs are not entitled to a recovery on their complaint against the *399 defendant, SUPERIOR WINDOW CO., and the Court finds for the defendant, SUPERIOR WINDOW CO., against the Plaintiffs on the Plaintiffs’ complaint.
“4. The defendant, SUPERIOR WINDOW CO., is not entitled to recover on its counterclaim, and the Court finds for the plaintiffs against SUPERIOR WINDOW CO. on its counterclaim.
“5. The costs as between AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, and the plaintiffs are charged against the plaintiffs, the amount to be set by further order of the Court upon appropriate motion.
“6. The costs as between SUPERIOR WINDOW CO. and the plaintiffs are charged against the plaintiffs, the amount to be set by further order of the Court upon appropriate motion.
“7. Such further proceedings as are necessary between BAL HARBOUR TOWERS, INC., and the plaintiffs shall be held in accordance with the Court’s oral rulings on September 28, 1964.”
For the reasons hereafter stated, we affirm.
The plaintiffs filed a complaint to foreclose a mechanics’ lien wherein they alleged, inter alia, that the defendant, Bal Harbour Towers, Inc. was, at a designated date, the fee simple owner of certain described real property located in Dade County, Florida; that the defendant, SUPERIOR WINDOW CO., and plaintiffs entered into an installation subcontract involving construction on the aforesaid real property, and that during the course of construction the defendant, Superior Window Co., with the knowledge and consent of the prime contractor or of the owner, ordered of the plaintiffs certain changes and extras to the subcontract.
Plaintiffs further alleged that they had performed the work and had been paid in full, “except the sum of $16,386.52 which is still due and owing to the Plaintiffs”, and that sufficient monies remained in the hands of defendant-owner, Bal Harbour Towers, Inc., unpaid to the defendant, Superior Window Co., to satisfy plaintiffs’ claim.
The plaintiffs then alleged that they had filed a claim of lien, a copy of which was attached to the complaint as an exhibit, and that the lien had been transferred to a certain bond in the sum of $19,000.00, duly executed and filed by the defendant, American Casualty Company of Reading, Pennsylvania.
After defendants’ respective motions to dismiss the complaint had been denied by the chancellor, they filed their answers, counterclaims and cross-claims.
Both Superior Window Co. and Bal Har-bour Towers, Inc., filed separate counterclaims against the plaintiffs. The chancellor transferred the counterclaim of the defendant; Bal Harbour Towers, Inc., to the law side of the court and stayed the equitable proceedings in that part of the cause still pending before the court between the plaintiffs and Bal Harbour Towers, Inc.
American Casualty Company, defendant, filed a cross-claim against Superior Window Co., which was severed by order of the chancellor; there are no issues before this Court concerning this aspect of the case.
The plaintiffs have appealed the denial of their claim against Superior Window Co., and Superior Window Co. has cross assigned error upon the denial of their counterclaim. We find that the record contains substantial competent evidence to support the chancellor’s decision in each instance. We therefore affirm the holding in paragraphs numbered 3, 4 and 6 of the decree appealed.
In addition, the plaintiffs have urged error upon the stay of the equity *400 proceedings between plaintiffs and the owners, Bal Harbour Towers, Inc. The purpose of the stay is to provide an opportunity for a jury trial of an issue between plaintiffs and defendant, Bal Har-bour Towers, Inc. The plaintiff-appellant has failed to demonstrate that the procedure followed by the chancellor will in any way prejudice the rights of the plaintiff. The conduct of cases before a chancellor will ordinarily be left to the chancellor’s discretion, and an appellate court will not interfere in the absence of a showing that substantial rights have been affected. We therefore affirm the holding in paragraph numbered 7 of the decree appealed.
Plaintiffs’ remaining point is directed to the dismissal of defendant American Casualty Company of Reading, Pennsylvania. This last defendant was made a party pursuant to paragraph “11” of the complaint, which is as follows:
“11. That pursuant to a certain Order entered by the Hon. J. Fritz[1] Gordon, Circuit Judge, on August 16, 1962 recorded in Chancery Order Book 1618, Page 334 in the offices of the Cleric of the Circuit Court in and for Dade County, Florida, this aforementioned lien was transferred to a certain bond in the sum of $19,000.00, duly executed and filed by the defendant, AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA.”
The answer of the defendant, American Casualty Company, admitted these allegations.
The bond referred to, or a copy thereof, was not attached to the complaint, was not introduced into evidence, was not before 'the lower court for its consideration, and is not now before this court.
The statute which authorized the procedure followed by the subcontractor in submitting a surety bond for the real property as security for the payment of the claimed lien is as follows:
“(2) By the owner or contractor, either before or after the beginning of the action, executing a bond with two or more sureties who shall be freeholders, such bond to be payable to this state for the benefit of the lienor whose lien is sought to be transferred. The liability of each of said sureties shall be such sum as the court or a judge thereof may direct but not less than the amount demanded in the claim of lien plus an amount estimated by the court or judge as sufficient to cover interest to the date of settlement of the demand, and the costs of prosecuting such action. The bond shall be conditioned for the payment of any judgment or decree which may be rendered for the satisfaction of the lien. * * * The execution of any such bond by any corporation authorized by the laws of this state to transact surety business shall be equivalent to the execution of said bond by two sureties who are freeholders * *. Upon the approval of the bond by the court or judge an order shall be made by such court or judge transferring such lien to the bond and directing the clerk of the circuit court of the county in whose office the claim of lien is filed to enter upon the mechanics’ lien docket against the claim of lien for the transfer of which such bond is executed, the words ‘Transferred to bond’ and such lien shall thenceforth until satisfied, dismissed or discharged be secured by such bond. The court shall make an order releasing the surety or sureties from all liability under the bond upon proof of the satisfaction, dismissal or discharge of the lien. The court may also release any surety from all liability under the terms of the bond on the substitution of other surety approved by the court or judge as above provided.” [Fla.Stat.1961, § 84.24(2), F.S.A.].[1]
*401 Appellee, American Casualty Company, urges that on the state of the record the chancellor did not err in concluding that he could not enforce a lien against American Casualty Company. In support of this conclusion, American Casualty Company relies upon the Florida Supreme Court’s decision in Fidelity & Casualty Co. of New York v. D. N. Morrison Const. Co., 99 Fla. 309, 126 So. 151 (1930).
In the Fidelity & Casualty Co. case, supra, the appellant was a surety on a release bond, which was given for the purpose of releasing land under a mechanic’s lien pursuant to section 5396, C.G.L.1927. The determinative question, as considered by the Court, was whether or not when a bond had been filed, pursuant to section 5396, C.G.L.1927, the lienor could join the surety upon such bond in a suit in equity against the owner to enforce the lien. The Supreme Court concluded that the liability of the surety could not be determined in equity. In so holding the court observed:
“First, the question of liability on a bond of this nature is purely a matter of common law cognizance, and a court of equity cannot acquire jurisdiction to enforce its penalty, unless the bond is accompanied by some extraneous circumstance which would inj ect into the matter a ground of equitable cognizance, to which a recovery upon the bond would be incidental. * * *
“Our view is that the effect of the filing of a valid bond is to release the land from the lien, substituting for the land a contract of indemnity.” (126 So. at p. 154).
The plaintiffs assert that the present case involves section 84.24(2), Fla.Stat.1961, and that this section of the mechanic’s lien law had not been enacted at the time the Supreme Court rendered its decision in Fidelity & Casualty Co. v. D. N. Morrison Const. Co., supra. This is a distinction without a real difference because the provisions of the statute considered by the Court in Fidelity & Casualty Co. v. D. N. Morrison Const. Co., supra, and section 84.24(2), Fla.Stat. 1961, contain substantially the same requirements for the bond conditions. Section 5396, C.G.L.1927, provided that the bond shall be “conditioned for the payment of any judgment which may be recovered on said lien.” Section 84.24(2), Fla.Stat.1961,. F.S.A. provides that the bond shall be “conditioned for the payment of any judgment or decree which may be rendered for the satisfaction of the lien.”
The plaintiffs also argue that our opinion in Diana Stores Corp. v. M. & M. Electric Co., Fla.App.1959, 108 So.2d 486,. requires a reversal of the chancellor in the present case. The opinion states that a release-bond surety may be added as a party defendant pursuant to Rule 1.18, Florida Rules of Civil Procedure (1962 Rev.), 30' F.S.A.; however, the statement is unnecessary to the decision and is not supported by authority. Upon examination of the authorities cited by the parties and those discovered by our independent research, we find that, where the issue has been presented, the decision in Fidelity & Casualty Co. v. D. N. Morrison Const. Co., 99 Fla. 309, 126 So. 151 (1930), has been consistently followed by the courts of this State. See Granat v. Dulbs, 100 Fla. 1145, 130 So. 464 (1930); Royal Indemnity v. Knott, 101 Fla. 1495, 136 So. 474 (1931). See also Labell v. Campbell, 99 Fla. 1125, 128 So. 422 (1930); Florida Insurance Exchange v. Adler, Fla.App.1965, 174 So.2d 75. But cf., opinion on rehearing in Royal Indemnity Co. v. Knott, supra; City of Lake Worth v. First Nat. Bank in Palm Beach, Fla. 1957, 93 So.2d 49, 57. We hold that the chancellor did not err in dismissing American Casualty Company as a party defendant. *402 and affirm the holding in the paragraph numbered 2 of the decree appealed.
Affirmed.

. See Pla.Stat.1965, § 84.241, P.S.A., for present statute.