PER CURIAM.
This cause is before us on petition and cross-petition for writ of certiorari to review a decision[1] certified by the District Court of Appeal, Third District, as passing on a question of great public interest, “because it involves a question of practice in the State of Florida.” The question for determination is: If the owner of property elects to transfer a mechanic’s lien to bond, pursuant to the provisions of Florida Stat *831 ute § 84.24(2), F.S.A. (1961)[2], does the lienor, if successful in establishing in equity his right to payment, have the right to go directly against the surety or must he resort to an independent suit on the bond? The Chancellor and District Court held the surety was not a proper party to the lien foreclosure proceedings and that separate action at law on the bond was required.
The dissenting opinion, which distinguished Fidelity and Casualty Co. v. D. N. Morrison Construction Co., 99 Fla. 309, 126 So. 151 (1930), the principal authority cited by the majority, as having involved a different statute and a different type of bond, reasoned as follows :
“The law should not be ridiculous. When the mechanic’s lien was filed, the lienor had a right to seek redress in a court of chancery if he elected and, if successful, to secure a decree directing the amount of the payment of the indebtedness due him; and, in default of same, to have the property improved sold to satisfy the amount. When the property owner elected to transfer the lien to bond, pursuant to the provisions of § 184.24(2), Fla.Stat., F.S.A., the surety [which was obviously compensated] substituted its obligation to pay in place of the property encumbered. And, if the lienor is successful in establishing its right to payment and if same is not forthcoming within a day certain, then it should have a right to go directly against the surety who joined in the issuance of the bond and caused the release of lien in the first instance. To say that the lienor must resort to an independent suit on the bond, when he has been successful in the original action, should not be countenanced by a court of equity.”
We agree with the dissent and hold the surety on a bond under Florida Statute § 84.24(2), F.S.A. (1961) is a proper party in a mechanic’s lien proceeding in equity and the lienor, if successful in establishing his right to payment, may proceed against the surety in the original equity suit. In all other respects we affirm the decision of the District Court.
Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.
THORNAL, C. J., THOMAS, CALDWELL and ERVIN, JJ., and McMULLEN, Circuit Judge, concur.

. 188 So.2d 398 (Fla.App.3rd 1966).

. See Fla.Stat. § 84.241, F.S.A. (1965) for present statute.