257 So.2d 905 (1972)
MIDWAY SHOPPING MALL, INC., a Florida Corporation, and Travelers Indemnity Company, a Connecticut Corporation, Appellants,
v.
CORKY CORP., a Florida Corporation, Appellee.
No. 71-632.
District Court of Appeal of Florida, Third District.
February 8, 1972.
*906 Meyer, Weiss, Rose & Arkin, Miami Beach, Richard L. Lapidus, Miami, for appellants.
Bolles, Goodwin, Ryskamp & Ware, Ralph & Boyd, Miami, for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PEARSON, Judge.
The appellants, Midway Shopping Mall and Travelers Indemnity Co., have brought this appeal from a summary final judgment entered for the plaintiff-appellee, Corky Corp. The proceedings brought by the appellee was for the foreclosure of a mechanic's lien. Midway Shopping Mall, Inc. is the owner of the property upon which the lien was sought to be foreclosed and Travelers Indemnity Co. was joined as a party defendant on the ground that there was a payment bond which obliged that defendant to pay the amount of any lien established. We reverse upon a holding that there was a genuine issue of material fact.
Appellee's first complaint was dismissed because it did not allege the giving of the forty-five day notice required by F.S.A. § 713.06. An amended complaint was filed alleging that at the time of the service of the notice to the owner there were monies payable by the owner to the general contractor in a sum in excess of the amount due to lienors who had given the forty-five day notice. Appellant Midway filed its answer denying that a surplus existed. The appellee Travelers Indemnity Co. filed no answer. This failure of Travelers to file an answer was apparently overlooked by the trial court because it proceeded upon the plaintiff's motion to enter a final summary judgment dismissing Midway Shopping Mall from the cause and entering judgment against Travelers Indemnity Company for the full amount of the lien claimed including an attorney's fee to the lienor. The summary judgment was based upon the pleadings, answers to interrogatories, the deposition of the owner and affidavits.
The burden of a plaintiff moving for a summary judgment against a defendant who has not answered is a heavy one. Settecasi v. Board of Public Instruction, Fla.App. 1963, 156 So.2d 652; Madison v. Haynes, Fla.App. 1969, 220 So.2d 44. There is no showing in this cause that the appellee Travelers was in default for having failed to file an answer nor was a default entered. Therefore, as to that defendant, the cause was not at issue. Under these circumstances, we are faced with a complaint upon which it is necessary that the pleadings, affidavits, answers to interrogatories and depositions demonstrate that there is no defense to the complaint. We find that this is not the case in the present instance.
The appellant Travelers Indemnity Co. urges that the affidavits on file together with the deposition of the owner create a genuine issue of material fact as to whether there was outstanding at the time of the service of its claim a balance remaining after deducting an amount sufficient to pay in full the "priority" lienors. In Crane Co. v. Fine, Fla. 1969, 221 So.2d 145, the Supreme Court of Florida held *907 that the purpose of the mechanic's lien law was not to mandatorily require the forty-five day notice provided in F.S.A. § 713.06, but a lienor who failed to serve such a notice could establish a lien where:
* * * * * *
"... those lienors who have given no notice at all, or whose notice was not filed within the limited 45-day period prescribed for a `priority' lien, have a right to participate in a progress payment if a balance remains after the payment in full of the `priority' lienors."
* * * * * *
The depositions and affidavits on file establish that there is a substantial balance due from the owner to the contractor. That does not establish that this amount remains or will remain after payment in full of the "priority" lienors. Therefore a genuine issue of material fact exists in this cause.
Appellant has raised two other points. The first urges that the posting of a bond in this cause relieved the land from the lien and that therefore the Midway Shopping Mall, Inc. as the owner of the land was entitled to a counterclaim for the wrongful filing of the claim of lien which claimed a lien upon the land itself. We agree with the trial court that this position is totally untenable. The mechanic's lien statute provides that a subcontractor may enforce his claim to payment. He may not be held to have maliciously prosecuted the claim that the statute gives him even though the owner has insulated his land and himself from judgment by the posting of bond. We base this holding upon the often repeated statement that the mechanic's lien law is to be liberally construed for the lienor. United States v. Griffin-Moore Lumber Co., Fla. 1953, 62 So.2d 589; Crane Co. v. Fine, Fla. 1969, 221 So.2d 145. In Kleinman v. Bal Harbour Towers, Fla. 1967, 198 So.2d 830, the Supreme Court held that it is proper to bring an action to foreclose a mechanic's lien against both the owner and the surety on the bond to which the property has been transferred. The dismissal of the counterclaim of appellant Midway Shopping Mall is affirmed.
Appellant's third point urges that the trial court may not assess as an attorney's fee more than 12 1/2% of the amount for which judgment is awarded against a bonding company because of F.S.A. § 627.0905(2)[1]. The mechanic's lien statute provides in F.S.A. § 713.29, as follows:
"713.29 Attorney's Fees.
"In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs."
We hold that F.S.A. § 713.29 is the governing section and that the attorney's fees therein provided is not limited by the provisions of F.S.A. § 627.0905. Our reason for this holding is first as above pointed out that the mechanic's lien act is to be construed liberally to afford laborers and materialmen the greatest protection possible with justice and equity. See Crane Co. v. Fine, supra. Second, it affirmatively appears from the admissions on file that the bond posted is a payment bond in which *908 the bonding company agrees to make "... prompt payment of all claimants ... for all labor and material used or reasonably required for use in the performance of the contract." This obligation requires the bonding company to not only pay the amount of any lien claims established but also to pay those sums provided by the mechanic's lien act in order to make a lienor whole in event it is necessary for the lienor to enforce his claim in court.
Accordingly, the final judgment appealed is affirmed in part and reversed in part and the cause is remanded for proceedings to bring this cause to issue and for the disposition of the issues raised in accordance with the Florida Rules of Civil Procedure.
Affirmed in part, reversed in part and remanded.
NOTES
[1] "627.0905 Bonds for construction contracts; attorney fees in case of suit. 

"(2) Section 627.0127 (attorney fee) shall also apply as to suits brought by owners, subcontractors, laborers and material men against a surety insurer under payment or performance bonds written by the insurer under the laws of Florida to indemnify such owners, subcontractors, laborers and material men against pecuniary loss by breach of a building or construction contract; except, that the amount to be so recovered for fees or compensation of such a plaintiff's attorney shall not be more than twelve and one-half percent of the amount which the judgment or decree awards ... nor shall it be less than one hundred dollars... ."