336 So.2d 1 (1976)
The TRAVELERS INDEMNITY COMPANY and Amos Samford, Inc., Appellants,
v.
HOWELL & KING, INC., Appellee.
Nos. 74-1798 and 75-93.
District Court of Appeal of Florida, Fourth District.
July 30, 1976.
*2 C. Jeffery Arnold, Arnold, Matheny & Eagan, Orlando, for appellants.
Emery H. Rosenbluth, Jr., Subin, Shams, Rosenbluth & Moran, Orlando, for appellee.
McCAULEY, Associate Judge.
This opinion consolidates two appeals; first, Case No. 74-1798 from the Final Judgment dated November 20, 1974, and Case No. 75-93 from the Amended Final Judgment of Costs, dated December 31, 1974; both Final Judgments are affirmed. Various points for appeal from the Final Judgment of November 20, 1974, being Case No. 74-1798, will not be discussed in this opinion and are per curiam affirmed. This court will briefly discuss the allowance of attorneys' fees and costs in Case No. 75-93.
The non-jury trial in this cause was tried before the Honorable Maurice M. Paul, Circuit Judge, on four different dates in October and November, 1974, and Judge Paul found for the Plaintiff/Appellee in the amount of $34,416.55, subject to the counter-claim of Defendant Amos Samford, Inc., in the total amount of $18,050.00.
Subsequently, the trial court taxed costs and attorneys' fees in the amount of $10,071.94 on December 31, 1974. The dispute arose as a result of the court's allowance of Defendants' counter-claim of $3,050.00 on written back-charges and $15,000.00 for poor workmanship. Defendants/Appellants contend that Plaintiff/Appellee was not the prevailing party and is not entitled to attorneys' fees. We agree with the Circuit Court that Plaintiff/Appellee is indeed the prevailing party.
Sharpe v. Ceco Corporation, 242 So.2d 464 (Fla.App., 1970), cert. denied, 247 So.2d 324 (Fla., 1971), is controlling on this question. In Sharpe, as in the case sub judice, a concrete subcontractor sued to foreclose a lien and the general contractor counter-claimed. The court found for the subcontractor in his claimed amount and for the general contractor on its counter-claim (although not in the amount of the counter-claim). The trial court awarded the subcontractor attorneys' fees which was a subject of the appeal. The Third District stated at 242 So.2d 465:
"Appellants contend the statute (§ 713.29, Fla. Stat., F.S.A.) did not authorize allowance of an attorney fee in this case. The statute provides for allowance of a reasonable attorney fee to the prevailing party in an action to enforce a lien under Chapter 713. Appellants argue that Ceco was not the prevailing party because its recovery was not the amount claimed, but a lesser sum. We view that argument as unsound. The prevailing party is regarded as that party who has affirmative judgment rendered in his favor at the conclusion of the entire case."
This court in H.D. McPherson, Inc. v. Metro Electric of Orlando, Inc., 253 So.2d 878 (1971), stated:
"We interpret `prevailing party' to be just that  the party who prevails". Citing Sharpe v. Ceco Corp., supra.

In Midway Shopping Mall, Inc. v. Airtech Air Conditioning, Inc., 253 So.2d 900 (1971), the Third District Court stated at page 902:
"The prevailing party is regarded as that party who has an affirmative judgment rendered in its favor at the conclusion of the entire case."
*3 Appellant, Travelers Indemnity Company, contends that the attorneys' fee should not be recoverable because it had issued a Payment Bond to substitute for the lien; this issue was laid to rest in Midway Shopping Mall, Inc. v. Corky Corp., 257 So.2d 905 (Fla.App., 1972). That action involved the foreclosure of a Mechanic's Lien in which The Travelers Indemnity Company (Defendant herein) had posted a Payment Bond. An issue on appeal was:
"The Appellant's third point urges that the trial court may not assess as an attorneys' fee more than 12 1/2 percent of the amount for which judgment is awarded against the bonding company because of F.S.A. § 627.0905(2)". (§ 627.0905(2) is the predecessor of § 627.756 cited by Defendant.)
The Third District Court of Appeal stated at 257 So.2d 907 and 908:
"We hold that F.S.A. § 713.29 is the governing section and that the attorney's fees therein provided is not limited by the provisions of F.S.A. § 627.0905. Our reason for this holding is first as above pointed out that the mechanic's lien act is to be construed liberally to afford laborers and materialmen the greatest protection possible with justice and equity. See Crane Co. v. Fine [Fla., 221 So.2d 145], supra. Second, it affirmatively appears from the admissions on file that the bond posted is a payment bond in which the bonding company agrees to make `. . prompt payment of all claimants . . for all labor and material used or reasonably required for use in the performance of the contract.' This obligation requires the bonding company to not only pay the amount of any lien claims established but also to pay those sums provided by the mechanic's lien act in order to make a lienor whole in event it is necessary for the lienor to enforce his claim in court."
The bond sub judice is even broader than the bond in the Midway Shopping Mall, Inc. v. Corky, supra. The subject bond states:
"... may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant."

The undertaking of the surety included all sums to be due claimant; § 713.29 included a reasonable attorneys' fee. The trial judge correctly ruled, the Plaintiff is entitled to a reasonable attorneys' fee.
Decision affirmed.
WALDEN and DOWNEY, JJ., concur.